Filed 11/27/23  P. v. Deanda CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C097848 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE019416) |
| v. | |
| ROBERT DEANDA, | |
| Defendant and Appellant. | |

This is an appeal after remand for resentencing.  Appointed counsel for defendant Robert Deanda has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having done so, we find no arguable error that would result in a disposition more favorable to defendant.  Accordingly, we shall affirm the judgment.

1

## BACKGROUND

The facts underlying defendant's convictions are set forth in our unpublished opinion in *People v. Deanda* (Jan. 31, 2022, C089940) (nonpub. opn.) and need not be recounted here.[1]  It suffices to say that defendant participated in a shooting involving three Norteño subsets, two of which were closely aligned and were rivals with the third subset.  (*Ibid.*)  A shootout between the rival groups resulted in the death of one of defendant's cohorts.  (*Ibid.*)

Defendant was charged with three counts of assault with a semi-automatic firearm (counts one, three, and four), one count of discharging a firearm at an occupied motor vehicle (count two), and one count of possession of a firearm by a person convicted of a felony (count five).  With respect to each of these counts, the prosecution alleged criminal street gang enhancements.  The prosecution also alleged personal use of a firearm enhancements with respect to the assault charges.  Finally, the prosecution alleged defendant had served a prior prison term for a 2014 conviction for assault with a deadly weapon, which constituted a prior strike within the meaning of the three strikes law and also qualified him for a prior serious felony enhancement.

A jury found defendant guilty of counts one and five as charged; with respect to count two, the jury found defendant guilty of the lesser included offense of shooting a firearm in a grossly negligent manner.[2]  The jury found the personal use of a firearm and gang enhancements not true.  In a bifurcated proceeding, defendant admitted the prior strike and prior prison term allegations.  Thereafter, the trial court sentenced defendant to

---

[1]  Defendant requested that this court take judicial notice of this prior opinion.  We treated this request as a motion to incorporate by reference case No. C089940 and granted the motion.

[2]  The jury deadlocked on counts three and four and the trial court declared a mistrial as to those counts.

serve an aggregate determinate prison term of 25 years eight months (comprised of an upper term of nine years for count one, doubled to 18 years for the prior strike, plus a consecutive term of five years for the prior serious felony enhancement, plus two consecutive terms of 16 months for counts two and five).

On appeal, this court struck the prior prison term enhancement pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.), remanded the matter for resentencing consistent with recent changes to the sentencing laws, specifically, Senate Bill No. 567 (2021-2022 Reg. Sess.) and Assembly Bill No. 124 (2021-2022 Reg. Sess.), and otherwise affirmed the judgment. (*People v. Deanda*, *supra,* C089940.)

On remand, defense counsel filed a sentencing memorandum arguing Penal Code section 1170, subdivision (b)(6) required the trial court to sentence defendant to the lower term of three years for count one, doubled to six years because of the prior strike. This was so, counsel argued, because defendant was a youth (i.e., under 26 years of age) at the time of the offense and had "a traumatic upbringing," as evidenced by Child Protective Services records that were attached to the memorandum.

Prior to the resentencing hearing, the trial court held a court trial on two aggravating circumstances, specifically, that defendant had served a prior prison term and that he was on parole when he committed the present offenses. (Cal. Rules of Court, rule 4.421(b)(3) & (b)(4).) Based on certified records of conviction, the trial court found these aggravating circumstances to be true.

At the resentencing hearing, the prosecutor asked the trial court to impose a sentence of 24 years four months (comprised of the upper term of nine years for count one, doubled to 18 years for the prior strike, plus five years for the prior serious felony enhancement, plus 16 months consecutive for count five).[3]  In response, defense counsel

---

[3]  With respect to count two, the parties agreed the sentence should be stayed under Penal Code section 654.

again argued for the lower term of three years for count one, doubled to six years, because of defendant's youth at the time of the offense and his traumatic childhood. Counsel also pointed out that the jury found the personal use of a firearm allegations not true, and additionally provided a mitigated version of defendant's prior conviction.

After the matter was submitted, the trial court stated it was aware of its discretion to strike the prior strike and dismiss the prior serious felony enhancement but would decline to do so. The court then weighed the aggravating and mitigating circumstances and found "the aggravating circumstances outweigh the mitigating circumstances such that a lower term in this case . . . would be contrary to the interest of justice." Based on those aggravating circumstances, the court imposed an aggregate prison term of 24 years four months, including the upper term for count one. Defendant appeals.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date the opening brief was filed, but he has not done so. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/
Duarte, Acting P. J.

We concur:



/s/
Renner, J.



/s/
Krause, J.